**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: LINDA NOFZIGER**
**(Bankruptcy Case No. 6-04-bk-9253-KSJ**

**MITCHELL KALMANSON,**

       **Appellant,**

**-vs-**                                                    **Case No. 6:05-cv-1474-Orl-31DAB**

**LINDA NOFZIGER,**

       **Appellee.**

_____

## ORDER

The Appellant, Mitchell Kalmanson ("Kalmanson"), appeals the entry of an order (Doc. 2-3) by the Bankruptcy Court denying his "Motion to Amend and Rehearing on Motion for Relief From Stay, Motion to Set Aside Motion Under Seal, and Motion to Dismiss for Bad Faith." (Doc. 2-2).

**I.    Background**

The Appellee, Linda Nofziger ("Nofziger"), filed a Chapter 13 bankruptcy petition on August 12, 2004. At the time of that filing, a suit filed by Kalmanson against Nofziger was pending in state court. (Doc. 3-9 at 1). In the state court case, Kalmanson sought $1.9 million in damages from Nofziger on the grounds that she had committed a series of torts against him,[1] apparently in an effort to assist Kalmanson's spouse during divorce proceedings. (Doc. 3-9 at 1).

---

[1] The allegations ranged from, *inter alia*, theft and stalking to racketeering and engaging in the unauthorized practice of law. (Doc. 3-9 at 1).

Early on in her bankruptcy case, Nofziger filed a motion to seal the tape and transcript of her Section 341 proceedings,[2] which had been conducted on September 20, 2004.  In the motion – which was, itself, filed under seal in both that court and this one – she stated she was a "federally protected witness" who had received a new identity and Social Security number within the previous six years.  She alleged that the sealing of the record was needed because Kalmanson was trying to reveal her former identity, and because his attorney had appeared at the § 341 meeting, asking questions about aliases and alternate Social Security numbers.  She also attached a copy of a March 2003 order entered in Kalmanson's divorce case.  That order prohibited Kalmanson from inquiring into Nofziger's background prior to her moving to Florida in 1999 because she was "involved in a federal program to protect victims of domestic abuse and their families " and revealing her background could endanger Nofziger and her family.

The Honorable Karen S. Jennemann partially granted Nofziger's motion after a closed hearing,[3] sealing the record of the § 341 proceedings and permitting Nofziger to avoid questions about herself, her family or her finances prior to September 1999.[4]  (Doc. 3-4).  However, Judge Jennemann also indicated that any party in interest could obtain the sealed information by

---

[2] 11 U.S.C. § 341 provides for an initial meeting of creditors, at which the debtor must undergo examination by the trustee.

[3] According to the transcript, Judge Jennemann permitted only Nofziger's bankruptcy attorney, Nofziger's divorce attorney, and the Chapter 13 trustee to attend the hearing.

[4] In her order, Judge Jennemann found that Nofziger was "the recipient of a new identity as of September 1999 (pursuant to a federal witness protection program) and as such is entitled to the confidentiality of that identity prior to the date it was obtained."  (Doc. 3-4 at 1).

demonstrating a need for such information and its relevance to the bankruptcy proceedings.  (Doc. 3-4 at 1-2).

Kalmanson made numerous appearances during Nofziger's bankruptcy proceedings, seeking, among other things, relief from the automatic stay so as to pursue his tort claims in state court (Doc. 3-3), the setting aside of the motion to have the § 341 proceedings sealed, and dismissal of the bankruptcy case as a bad faith filing (Doc. 3-8).  On February 4, 2005, after a hearing, Judge Jennemann entered an order titled "Order on Motion for Relief from Stay (Doc #24), Motion to Set Aside Motion Under Seal (Doc #39) and Motion to Dismiss Chapter 13 for Bad Faith Filing (Doc #43) Filed by Mitchell Kalmanson" (henceforth, the "February 4 Order").  In her February 4 Order, Judge Jennemann denied all three motions and ordered that the February 4 hearing remain under seal.  (Doc. 3-12 at 1).  On February 14, 2005, Kalmanson's attorney filed a motion entitled "Motion to Amend and [sic] Rehearing on Order on Motion For Relief From Stay; Motion to Set Aside Motion Under Seal; and Motion to Dismiss Chapter 13 for Bad Faith Filing Filed by Mitchell Kalmanson" (henceforth, the "Motion for Rehearing").[5]   On June 15, 2005, without discussion, Judge Jennemann denied the Motion for Rehearing.

On June 27, 2005, Kalmanson – appearing *pro se* – filed a Notice of Appeal (Doc. 2-2) in the Bankruptcy Court, stating that he was appealing Judge Jennemann's order of June 15, 2005 – *i.e.*, the Motion for Rehearing.  On July 11, 2005, Kalmanson filed his initial brief in the Bankruptcy Court.  (Doc. 20).  On October 13, 2005, the Bankruptcy Clerk transmitted the record on appeal.  (Doc. 2).  After a lengthy administrative delay resulting from the Appellant's brief's

---

[5]The Motion for Rehearing was filed under seal in this Court..

location in the Bankruptcy Court rather than this one, the Appellee, Linda Nofziger ("Nofziger"), timely filed her brief (Doc. 23) on April 17, 2006. Kalmanson filed his reply brief (Doc. 24) on April 27, 2006.

### II. Legal Standards

In reviewing bankruptcy court judgments, a district court functions as an appellate court. When reviewing a decision of a bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. Fed. Bankr. R. 8013. A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Paramount Citrus, Inc.*, 268 B.R. 620, 621 (M.D.Fla. 2001) (citing *United States v. U.S. Gypsum*, 333 U.S. 364, 395 (1948)). The district court may not make independent factual determinations; if the bankruptcy court is silent or ambiguous as to an outcome-determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings. *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).

A bankruptcy court's conclusions of law, however, are reviewed *de novo*. *Id.* The district court also reviews *de novo* the bankruptcy court's determinations as to the legal significance to be accorded to the facts. *In re Sunshine-Jr. Stores, Inc.*, 198 B.R. 823, 825 (M.D.Fla. 1996). In hearing a bankruptcy appeal, the district court may reverse, affirm, or modify only on issues actually presented to the trial judge. *In re Gardner*, 455 F. Supp. 327 (N.D.Ala. 1978).

Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re General Dev. Corp.*, 84 F.3d 1364, 1367 (11th Cir.1996). Decisions to

lift the automatic stay may be reversed only upon a showing of an abuse of discretion. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir.1989).

**III.   Analysis**

Kalmanson cited Rule 59 of the Federal Rules of Civil Procedure as the basis for the Motion for Rehearing.  Rule 59(e) – made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure – permits courts to reconsider orders[6] after their entry. Rule 59 exists to permit the court to correct manifest errors of law or misapprehensions of fact, not to allow losing parties a second bite at the apple, or to permit them to introduce new legal theories or facts that they simply failed to present initially.  *See*, *e.g.*, *Matter of McDaniel*, 217 B.R. 348, 350-51 (Bankr.N.D.Ga. 1998) (citing cases).  The decision to alter or amend an order under Rule 59(e) is committed to the sound discretion of the court and will not be overturned on appeal absent an abuse of discretion.  *American Home Assur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).

Kalmanson has appealed only the June 15, 2005 order denying the Motion for Rehearing. (Doc. 2-3).  Although the full title of the Motion for Rehearing – i.e., "Motion to Amend and [sic] Rehearing on Order on Motion For Relief From Stay; Motion to Set Aside Motion Under Seal; and Motion to Dismiss Chapter 13 for Bad Faith Filing" – suggests that Kalmanson sought rehearing of three motions, a review of the text shows that he actually only sought to have the motion to dismiss reheard.  In addition, Kalmanson sought clarification of the legal authority by which Judge Jennemann had sealed portions of the record and requested modification of the seal order so that

---

[6]Although Rule 59 refers only to amendment of judgments, Fed.R.Bankr.P. 9022(5) expands the meaning of "judgment" to include any order appealable to an appellate court.

some then-sealed information could be discussed with a potential new appellate attorney. Thus, Judge Jennemann's denial of rehearing of the motion to dismiss, her denial of clarification of the legal basis for the seal order, and her denial of a modification of the seal order are the only decisions properly before this Court on appeal.

However, Kalmanson's brief (Doc. 20) does not address these three decisions. Instead, most of Kalmanson's brief is taken up with attacks upon the Debtor's character and complaints regarding the merits of Judge Jennemann's original seal order. As an illustration, Kalmanson writes that

> The lower court's apparent motivation to refrain from unsealing improperly sealed pleadings and hearings and finds, or to permit discovery into the Debtor's past, based on the finding that "no dispute" existed as to Debtor's entitlement to a new identity, so as to not make it any "easier" for "someone" to find Debtor exceeds any statutory grant of authority to the bankruptcy court whose authority is strictly limited, and completely ignores the lower court's refusal to allow any inquiry to document Debtor's lack of basis, fabrications and the actual basis for Debtor's identity change.

Doc. 20 at 13 (internal citations omitted). The bulk of Kalmanson's brief continues in the same vein. While a debtor's truthfulness (or lack thereof) is always relevant, Kalmanson offers nothing to suggest that an examination of this Debtor's history prior to 1999 will shed light on this aspect of her character. Kalmanson's arguments to the contrary rely almost entirely on irrelevancies, invective, and unsubstantiated hearsay.

Kalmanson also points to the fact that the Debtor (and others) have referred to the program that provided her with a new identity as a "witness protection program," when it was apparently a program to protect victims of domestic violence rather than witnesses *per se*. But such a misdescription would not be evidence of a lack of honesty. Even if the program is not properly referred to as a "witness protection program," the Court sees no illicit advantage the Debtor could

have gained by describing it as a program to protect witnesses rather than a program to protect victims of domestic violence. As such, there is no reason to suspect that the Debtor lied by describing it that way. Kalmanson's complaints that Nofziger could not have qualified for such a program are similarly unsubstantiated. Kalmanson has not demonstrated a legitimate basis for digging into the Debtor's history prior to 1999.

**IV.    Conclusion**

Kalmanson has not even attempted to provide a basis for overturning the only order properly before this Court: the order of June 15, 2005, which denied the Motion for Rehearing. Even assuming *arguendo* that Judge Jennemann's decisions to seal portions of this case and to deny reconsideration are properly before this Court, Kalmanson has not shown that either decision was in error, much less an abuse of discretion. In consideration of the foregoing, it is hereby

**ORDERED THAT** the decision of the Bankruptcy Court is **AFFIRMED** and the Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 18, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party